IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JERRY McNEECE                                                                           PLAINTIFF

v.                                                              CIVIL ACTION # 2:10cv222-KS-MTP

HANSON PIPE & PRECAST, LLC and
JOHN DOES 1-10                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand filed by Plaintiff Jerry McNeece [Doc. # 2] (October 4, 2010).  Defendant Hanson Pipe and Precast, LLC ("Hanson") opposes the motion.  The sole question presented is whether the Court may consider the presumed Mississippi citizenship of a John Doe defendant when determining if complete diversity exists.  The Court holds that the citizenship of a fictitious John Doe defendant should be disregarded and, therefore, complete diversity exists as contemplated by 28 U.S.C. § 1332.  Therefore, the motion to remand is **DENIED**.

## I. BACKGROUND

This action was commenced on June 10, 2010 by the Plaintiff in Circuit Court of Forrest County, Mississippi, against Defendant Hanson and John Does 1-10.  Plaintiff seeks damages exceeding $75,000.00 allegedly resulting from a work-related accident in which a crane dropped a piece of material on McNeece's hand.  *See* Mot. Remand at 2 [Doc. # 3].  On September 9, 2010, Defendant Hanson filed its Notice of Removal [Doc. # 1] pursuant to 28 U.S.C. § 1441 claiming that the Court has original jurisdiction of the action under 28 U.S.C. § 1332.  McNeese

1

is an adult citizen of the State of Mississippi.  Hanson is incorporated in the state of Delaware and its principal place of business is in Irving, Texas.  Although he has not been identified, McNeece believes that the crane operator, John Doe No. 1, is also a citizen of Mississippi and is a proper and indispensable party to the lawsuit.

## II.  LAW AND ANALYSIS

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  *See* 28 U.S.C. § 1441(a).  The United States Code confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds $ 75,000.00 and the civil action is between citizens of different states.  28 U.S.C. § 1332.  "For purposes of removal under [§ 1441], the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a); *see also Lundy v. Cliburn Truck Lines, Inc.*, 397 F. Supp.2d 823, 828 n.5 (S.D. Miss. 2005) (disregarding citizenship of John Doe defendants for diversity of citizenship analysis).  "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing cases).

The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1331.  Hanson propounded admissions asking the Plaintiff to admit that his damages were less than $75,000 and Hanson denied that admission.  *See* Notice of Removal ¶ 5 [Doc. # 1].  It is also uncontested that Hanson and McNeece are of diverse citizenship.  Further, § 1441 is clear that the citizenship of fictitious defendants like the crane operator here should be disregarded for the purposes of the diversity of jurisdiction analysis.  Simply put, McNeece's "information and belief" that the

unnamed crane operator is a citizen of Mississippi is not enough to destroy diversity of citizenship. Therefore, Hanson has met its burden to demonstrate that federal jurisdiction exists and removal is proper.

### III. CONCLUSION

This court concludes that complete diversity exists between the parties and that the Court has proper jurisdiction under 28 U.S.C. §1332.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand [Doc. # 2] is **Denied.**

SO ORDERED AND ADJUDGED on this, the 26th day of October, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE